FILED
99 NOV -4 AM 9:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| JULIA M. WARE, | ] |
| Plaintiff(s), | ] |
| vs. | ] CV 98-N-2142-NE |
| WILLIAM J. HENDERSON, Postmaster General, | ] |
| Defendant(s). | ] |

ENTERED
NOV - 4 1999

**Memorandum of Opinion**

### I. Introduction.

Presently before the court is the defendant's motion to dismiss, filed January 19, 1999 (Doc. No. 8). In her complaint, the plaintiff makes claims for: (1) racial discrimination under 42 U.S.C. § 1981; (2) retaliation under Title VII; and (3) racial harassment under Title VII. The issues have been fully briefed, and the motion is now ripe for decision. Upon due consideration, the motion will be granted.

### II. Statement of Facts.[1]

Plaintiff was first employed with the Postal Service in October of 1991, and was terminated in July of 1993. Plaintiff challenged this termination and ultimately brought suit in this court. Senior United States District Judge Seybourn H. Lynne found in favor of the plaintiff and required the Postal Service to reinstate her. Plaintiff returned to work on or about May 12, 1997.

---

[1] The court has construed the "facts" as alleged most favorably for the plaintiff.



E-FILE  37

Plaintiff now alleges that after her return to work she was subjected to continuing racial harassment. Plaintiff claims in essence that the Postal Service subjected her to "extremely exacting standards of performance," not imposed on other employees, Complaint (Doc. No. 1) ¶ 15, and exposed her to the ridicule and hatred of her co-employees by relieving her of unpleasant assignments and transferring the resulting work to others in the office. Ms. Ware alleges, *inter alia*, that she was forced to undergo "shoe inspection[s]," an "initial counseling" not required of other employees, repeated examinations of her mail, particularly while she was away from her desk, and a 90-day evaluation which other employees did not have to endure. *Id.*, ¶¶ 15-18. Plaintiff further alleges that, while she was out sick due to the "stress" of this harassment, the defendant terminated her employment on October 19, 1998, "due to retaliation over having previously brought an EEOC complaint." *Id.*, ¶ 21. Ms. Ware filed her complaint in this court on August 24, 1998.

### III. Discussion.

#### A. Service of Process.

The defendant argues first that the entire action should be dismissed for failure of the plaintiff to timely secure service of the summons and complaint upon the United States Postal Service. While the court might, in other circumstances, agree with the defendant, it cannot do so here. Though this lawsuit was initiated on August 20, 1998, and service was not had on the Postal Service until September 1999, the court is aware of the difficulties the plaintiff experienced with her first lawyer, her status as a *pro se* litigant for a period of time, and her finally acquiring counsel. Under these circumstances, it would be unjust to dismiss the action based upon the failure to serve the defendant in a timely fashion.

### B. Section 1981 Claim.

The defendant asserts that "as a federal employee Plaintiff's exclusive judicial remedy for alleged employment discrimination is Title VII," and thus, the plaintiff's Section 1981 claim must fail. Defendant's motion to dismiss (Doc. No. 8) at 2. In her response, the plaintiff concedes that "a federal employee may not proceed under 42 U.S.C. § 1981 in a suit against the government for federal employment discrimination" and agrees that her claim should be dismissed. Plaintiff's response (Doc. No. 30) at 1.

Accordingly, the defendant's motion to dismiss the plaintiff's Section 1981 claim shall be granted.

### C. Title VII Claims.

The defendant also argues that the plaintiff has not exhausted her administrative remedies as to her claim that she was terminated in retaliation for filing an EEOC charge. The plaintiff concedes that her administrative complaint regarding her termination was not filed until after her lawsuit began, but argues that she falls into an exception to the exhaustion requirement because her retaliation claim "'grows out of an administrative charge that is properly before the court.'" *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 762 (11th Cir. 1995) (*quoting Gupta v. East Texas State Univ.*, 654 F.2d 411, 414 (5th Cir. (Unit A) 1981)).

The plaintiff asserts that "all of [her] claims, with the exception of her termination claim *per se*, were raised before the agency in a <u>timely</u> filed administrative complaint." Plaintiff's response (Doc. No. 30) at 6-7 (emphasis added). This alleged timely complaint is one in which the plaintiff asserts her racial harassment claim. Despite making several references

3

to this administrative complaint in her response to the defendant's motion to dismiss, the plaintiff provided no citation to the record identifying the charge at issue. Furthermore, there appeared to be no right-to-sue letter or similar documentation in the record. Accordingly, the court noted that it was considering a bare record on the crucial issue of whether the plaintiff has complied with the administrative prerequisites under Title VII, and ordered the plaintiff to comply with the initial order entered in this case on January 21, 1999, requiring the plaintiff to supplement the complaint with a copy of all charges filed with the EEOC and the response by the EEOC to those charges. *See* order (Doc. No. 35).

Finally, on October 29, 1999, plaintiff's counsel supplemented her complaint by filing some 75 pages of material that is identified simply as "copies of the charges of discrimination [plaintiff] filed with the Equal Employment Opportunity Office of the United States Postal Service, the agency's investigative reports, and the agency's final report." Plaintiff's supplementation (Doc. No. 36).[2] Having carefully examined each page in the 75-page submission,[3] the court finds that the Postal Service issued its final agency decision on May 13, 1998. That decision specifically states on page 5 under "Right to File A Civil Action" that:

> If you are dissatisfied with this final agency decision, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of this decision. . . . You may also request the court to appoint an attorney for you and to

---

[2] The court notes that the plaintiff in this case is no longer pro se and is now represented by counsel. However, the court has still been faced with a deluge of 75 pages efiled by plaintiff's counsel with absolutely no assistance in differentiating these documents to determine whether and how the document actually relates to an EEOC charge at issue in this case or a response by the EEOC to a charge filed by the plaintiff.

[3] Ordinarily, one would think that counsel would have examined the submission and would have identified relevant portions thereof in order to assure that the court would be aware of them. Instead of doing that, counsel shifted that burden to the court.

authorize the commencement of that action without the payment of fees, costs, or security in such circumstances as the court deems just. Your application must be filed within the same 90-day time period for filing the civil action.

*Id.* The decision states that it was sent certified mail, return receipt requested with the identification number Z 031 058 223. In reviewing the supplementation, the court came across a copy of the return receipt, which is stamped "Received May 18, 1998."[4] The plaintiff filed her application in federal court on August 20, 1998, exactly ninety-four (94) days following the receipt by her of the Postal Service decision. Therefore, the plaintiff failed to file her application with the court within the 90-day time period allowed for filing a civil action.

As the plaintiff failed to timely file her racial harassment claim, the administrative charge is not "properly before the court," *Hargett*, 60 F.3d at 762, and there was no administrative claim before the court on which the plaintiff could hang her retaliation claim. Moreover, the plaintiff's remaining Title VII claim must also fail for the reason that she did not act to bring her action within the required ninety (90) day period. Accordingly, all the plaintiff's Title VII claims are due to be dismissed.[5]

---

[4] Another stamp is evident on the receipt which shows, among other things, a date of "May 15, 1998," and "USPS." The court believes this is the date the receipt went through the post office. In any event, the date is earlier than the received date of May 18, 1998.

[5] Because of this disposition of the issues it is not necessary that the court consider the defendant's assertion that the allegations of the complaint concerning racial harassment are insufficient as a matter of law and the court specifically declines to consider that argument.

## IV. Conclusion.

The defendant's motion to dismiss will be granted. Plaintiff's claims under Section 1981 and Title VII shall be dismissed with prejudice. Costs will be taxed against the plaintiff and in favor of the defendant.

Done, this 3rd of November, 1999.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE